UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROLAND PRICE,

        Plaintiff,

v.                                                                          Case No. 06-C-512

DAVID CLARK,

        Defendant.

**MEMORANDUM DECISION AND ORDER
GRANTING SUMMARY JUDGMENT**

Plaintiff Roland Price, incarcerated at the Milwaukee County House of Correction, contends his constitutional rights were violated by defendant's alleged refusal to allow him to receive visits from his minor children and to have conjugal visits with his spouse.[1] Defendant David Clark, the Sheriff of Milwaukee County, has filed a motion for summary judgment, arguing there is no issue of material fact. Plaintiff has not timely responded to defendant's motion. For the following reasons, defendant's motion will be granted.

**BACKGROUND**

Price was incarcerated at the Milwaukee County Jail on January 26, 2006. On March 21, 2006, he became an inmate at the Milwaukee County House of Correction, where he continues to be housed. On April 24, 2006, Price, proceeding pro se, brought the instant action, alleging that

---

[1] Plaintiff's claim that he was denied conjugal visits in violation of his constitutional rights actually appears in a separate statement filed at the same time as his form complaint.

Clark violated his civil rights under 42 U.S.C. § 1983 by refusing to allow him to receive visits from his minor children and to have conjugal visits with his spouse.

The visitation policy of the Milwaukee County House of Correction allows minors to visit inmates, even if they are not the inmate's biological children, so long as the minor is accompanied by a parent or legal guardian. (DPFOF ¶ 4.) The policy does not allow for conjugal visits for any inmate. (*Id.* ¶ 5.) The visitation policy is designed to promote the health, safety, and security of inmates, visitors, and employees. (*Id.* ¶ 6.)

Clark filed a motion for summary judgment on December 4, 2006, and Price moved for an extension of time to respond. The court granted Price's motion, giving him until February 10, 2007, to respond. (Order of January 3, 2007, at 2.) In that same order, the court directed Clark to provide Price with a copy of Civil L.R. 56.2, as Price had not been provided with a copy of the rule as required. (*Id.*) Clark's counsel mailed Price a copy of the local rule on January 5, 2007. Price has not responded to the instant motion.

**ANALYSIS**

**I. Motions for summary judgment**

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Id.* at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend its case. *Id.* at 322-24.

In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion, however; there must be a *genuine* issue of *material* fact for the case to survive. *Id.* at 247-48.

**II. Discussion**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Here, the second requirement is satisfied in that Clark, as Sheriff of Milwaukee County, was acting under color of state law. However, Price has made no showing as to the first requirement.

Restrictions on a prisoner's visitation privileges that implicate a prisoner's constitutional rights may be upheld if they are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). In *Overton v. Bazzetta*, 539 U.S. 126 (2003), the Supreme Court held that a prison's visitation regulations did not infringe on the inmates' First Amendment rights, where the regulations (1) banned visitations by any minor nieces, nephews, and those to whom parental rights have been terminated; (2) required that minor children be accompanied by an adult family member or legal guardian; (3) prohibited inmates from visiting with former inmates; and (4) banned for at least two years any visitations for inmates with substance abuse violations. The Court stated:

3

> The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. And, as our cases have established, freedom of association is among the rights least compatible with incarceration. Some curtailment of that freedom must be expected in the prison context.

*Id.* at 132 (citations omitted).

The restrictions imposed by the Milwaukee County House of Correction are not as severe as those that passed constitutional muster in *Overton*. Furthermore, Price has not challenged defendant's factual allegation that the primary concern behind the visitation restrictions is to promote the health, safety, and security of the inmates, visitors, and employees of the Milwaukee County House of Correction. These restrictions, like those in *Overton*, are reasonably related to legitimate penological interests. Conjugal visits are not allowed by the Milwaukee County House of Correction because such visits would pose health, safety, and security problems. (DPFOF ¶¶ 5, 6.) Allowing conjugal visits for the approximately 1,500 inmates housed by the House of Correction would put a tremendous burden on its staff, who would need to provide secure rooms for the visit and conduct thorough and invasive searches of the inmate and his partner before and after the visit. (*See* Brisco Aff. ¶ 7.)

In his complaint, Price also alleges that the visitation restrictions constitute cruel and unusual punishment, and thus violate his rights under the Eighth Amendment. Respondents in *Overton* likewise challenged as cruel and unusual punishment the visitation restriction on inmates with two substance abuse violations. The Court, however, was not persuaded.

> Much of what we have said already about the withdrawal of privileges that incarceration is expected to bring applies here as well. . . . This [restriction] is not a dramatic departure from accepted standards for conditions of confinement. Nor does the regulation create inhumane prison conditions, deprive inmates of basic

4

Case 1:06-cv-00512-WCG   Filed 03/01/07   Page 4 of 5   Document 25

> necessities, or fail to protect their health or safety. Nor does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur.

*Overton*, 539 U.S. at 136-37 (citations omitted). Price has made no showing that the challenged visitation restrictions run afoul of the Eight Amendment's ban on cruel and unusual punishment, as, for example, by falling into one of the categories adumbrated by the Court in the language quoted above.

## CONCLUSION

Because Price has introduced no evidence to challenge the constitutionality of the visitation restrictions, no genuine issue of material fact exists, and defendant is entitled to summary judgment as a matter of law.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment be **GRANTED.** All of plaintiff's claims are dismissed, with prejudice.

Dated this    28th    day of February, 2007.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge